James M. Barrett, OSB No. 011991
james.barrett@ogletree.com
Alysha D. Phelps, OSB No. 184664
alysha.phelps@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Tel: (503) 552-2140

   Attorneys for Defendants
METRC, INC. and METRC ID, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARCUS ESTES,<br><br>             Plaintiff,<br><br>  v.<br><br>METRC, INC., and METRC ID, LLC,<br><br>            Defendants. | Case No. 3:25-cv-00556-IM<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

## **REPLY**

     Estes's Complaint should be dismissed or, alternatively, transferred to the U.S. District Court for the Middle District of Florida.  Florida is where the parties have already been litigating issues arising from Metrc's termination of Estes's employment for over a year.  Requiring Estes to pursue his claims there will maximize the first-to-file rule's goals of "economy, consistency, and comity."  *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Page 2 -   REPLY IN SUPPORT OF DEFENDANTS'   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
           MOTION TO DISMISS   222 SW Columbia Street, Suite 1500 | Portland, OR 97201
                                                                             Phone:  503-552-2140 | Fax: 503-224-4518

In opposing Metrc's Motion, Estes largely ignores the relevant *Alltrade* criteria that the Court must consider—all of which disfavor his position—and concentrates his efforts on convincing the Court that he was not required to bring his claims in the Florida Action as compulsory counterclaims under Fed. R. Civ. P. 13. Estes did not always think that was true. *See* Carlstedt Decl., Ex. 2 ("I am concerned that [] we are required to file counterclaims along with our answer (which appears to be the case under FRCP 13)[.]"). Metrc also disagrees. Regardless, to avoid application of the first-to-file rule, Estes would need to do more than convince the Court that his claims were not compulsory counterclaims in the Florida Action. *See City Antiques, Inc. v. Planned Furniture Promotions, Inc*., No. 3:14-cv-467-SI, 2014 WL 3955216, at *3 (D. Or. Aug. 12, 2014) ("[D]ismissal under the first-to-file rule does not require the antecedent finding that the claims in the second-filed action are compulsory counterclaims in the first-filed action[.]").

Indeed, the Court does not need to reach the question of whether Estes's claims are compulsory counterclaims in the Florida Action. It can easily find that dismissal is justified. All of the relevant criteria favor dismissal: The Florida Action was filed first (by nearly 11 months); the parties are identical; and the parties have been engaged in litigation for over a year regarding issues that "substantially overlap," in particular Estes's defense to repayment of a hiring bonus based on his contention that he was "wrongly terminated." Estes Depo. 232:7-19. Under these circumstances, Estes does not—and cannot—seriously contend that having the Florida court address his claims would undermine, rather than promote, the goals of economy, consistency, and comity.

> A.  **Estes's Focus on Whether His Claims Were Compulsory Counterclaims Is Misplaced**

Estes devotes a majority of his opposition brief to arguing that his Oregon state law claims in this lawsuit were not compulsory counterclaims in the Florida Action. But the "logical relationship" standard that is used to analyze that issue under Fed. R. Civ. P. 13 is narrower than

the broader "significant overlap" standard that actually applies.[1]  *Kohn Law Group*, 787 F.3d at 1241.

Under the "significant overlap" standard, neither the facts nor the legal issues need to be the same, just "substantially similar." *Kohn*, 787 F.3d at 1240-41.  "Courts have found substantial similarity between actions where the 'central question' is the same, even if specific legal issues within the separate actions vary." *Kokusai Semiconductor Equip. Corp. v. ASM Int'l, N.V.*, No. 3:18-cv-00323-AC, 2019 WL 1281290, at *5 (D. Or. Jan. 25, 2019) (citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-49 (N.D. Cal. 1994)); *see also Rodriguez v. JetBlue Airways Corp.*, No. 2:23-cv-08742-ODW (SKx), 2024 WL 841482, at *4 (C.D. Cal. Feb. 28, 2024) ("[T]he first-to-file rule can apply even if the second case has additional or differing claims.") (citation omitted).

Invoking the narrower "logical relationship" test, Estes insists that his Oregon state law claims were not compulsory in the Florida Action, (an argument that is not dispositive), because those claims do not arise from "the same set of operative facts" and "Metrc's claims for breach of contract and tortious interference are unaffected by a legal conclusion that Estes was terminated wrongfully within the meaning of ORS 659A.199."  Opp. at pp. 4-5.  Estes also argues that the only affirmative defense he has currently asserted in the Florida Action is "failure to mitigate," "which does not rely on any pre-termination transaction or occurrence," and that there is "no possible affirmative defense" that Metrc could assert in this action that would "rely on any post-termination transaction or occurrence." *Id*. at p. 5.  These arguments are not persuasive.

*First*, it is not true that the parties' claims lack significant overlap.  The Court need only look at Estes's deposition testimony in the Florida Action.  Estes testified that he did not breach his Offer Letter Agreement by failing to repay the hiring bonus because he "was wrongly terminated and, thus, not compelled to repay that bonus."  Estes Depo. 232:7-19.  Estes's

---

[1] Although Estes cites the Ninth Circuit standard for determining whether a counterclaim is compulsory or permissive under FRCP 13, this issue would be decided in the context of the Florida Action, and it is the Eleventh Circuit's test that is arguably relevant.  As a practical matter it makes no difference.  The Circuits use the same "logical relationship" test. *See North Star Fishing Co. LLC v. Norwegian Hull Club*, No. C21-1438-JLR, 2022 WL 1449683, at *3 (W.D. Wash. May 9, 2022) (noting that the "logical relationship" test applies in the Eleventh Circuit) citing authorities).

Page 4 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

overlapping defense to the breach of contract claim is the reason his counsel asked for Metrc's agreement not to oppose the addition of affirmative defenses in the Florida Action, writing: "As you might imagine, certain of our affirmative defenses rely on the allegations of the counterclaims, or similar allegations." Carlstedt Decl., Ex. 5. These facts are also the reason the Court could easily find not just "significant overlap" but a "logical relationship" between the parties' competing claims.

***Second***, for the same reason, it is not true that Metrc's claims are "unaffected by a legal conclusion that Estes was terminated wrongfully." By his own admission, Estes clearly intends to advocate for such a legal conclusion in the Florida Action in aid of his defense that his wrongful termination excused him from an obligation to repay the Signing Bonus. Estes Depo. 232:7-19.

***Third***, Estes is wrong that Metrc's affirmative defenses to his Oregon state law claims would not also significantly overlap with the facts and legal claims in the Florida Action. Indeed, Metrc's primary defense to Estes's claims of whistleblower retaliation and common law wrongful discharge would be its assertion that it had a legitimate, nonretaliatory reason for terminating Estes's employment under the Offer Letter Agreement, *viz*., his performance. *See Estes I* Compl. ¶ 27. In the Florida Action, Estes has expressly denied that Metrc terminated his employment due to performance—again, because Estes intends to argue that his termination was "unlawful"—*i.e*., a pretext for retaliation—which is the same argument he seeks to advance in this lawsuit. *See Estes I* Ans. ¶ 27 ("Denied that [Estes] was 'terminated due to performance.'").

B. **Estes Does Not Identify any Valid Equitable Exception to the First-to-File Rule**

Estes argues that "equitable concerns weigh against the Court exercising its discretion to apply the first-to file rule," but he makes only a bald assertion that the question of whether Metrc filed an "anticipatory" lawsuit is "a disputed issue" and fails to point to any evidence of equitable concerns relevant to the first-to-file analysis, such as evidence of bad faith. *See Alltrade,* 946 F.2d at 628. Instead, Estes chiefly argues that "employees working in Oregon under Oregon employment law have a compelling interest in accessing the local justice system to enforce their rights under Oregon law." Opp. Br. p. 8. He further suggests that, if forced to bring his claims in

Page 5 - REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

the Florida Action, he must do so under Florida law, not Oregon law, and therefore subject his claims to a "different evidentiary standard." *Id*. at pp. 8-9.

      Estes cites no authority for these arguments, and there is none. As a general proposition, it is true that Oregon has an interest in the enforcement of all its laws, including its employment laws. *See, e.g., Konecranes, Inc. v. Scott Sinclair*, 340 F. Supp. 2d 1126, 1130 (D. Or. 2004) ("An Oregon employer cannot circumvent Oregon laws designed to protect Oregon workers simply by decreeing that the laws of another state will apply."). But it is nonsense for Estes to suggest that, if required to raise his claims as counterclaims in the Florida Action, he would be prejudiced by the loss of access to a competent "local" forum, much less that he would be forced to abandon his Oregon law claims and bring his claims under what he argues is a less-protective Florida law. This Court routinely rejects the notion that sister courts cannot competently apply and enforce Oregon laws. *See, e.g., Palmer Events, LLC v. Hyundai Hope on Wheels*, No. 3:15-cv-02223-PK, 2016 WL 1179857, at *5 (D. Or. Feb. 26, 2016) ("'[F]ederal judges routinely apply the law of a State other than the State in which they sit.'") (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 584 (2013)); *see also U.S. for use and benefit of Hamer Electric, Inc. v. Wu & Assoc.*, No. 3:23-cv-01515-AN, 2024 WL 3102817, at *4 (D. Or. Jun. 21, 2024) ("plaintiff has not identified any exceptionally arcane features of Oregon contract law that are likely to defy comprehension by a federal judge sitting in New Jersey.") (cleaned up; quotations omitted); *Paxton v. DISH Network, LLC*, No. 3:17-cv-01944-JE, 2018 WL 1947420, at *5 (D. Or. Apr. 24, 2018) ("[E]ven if a question of Oregon state law arose, the ability to resolve it would not likely lie outside the capabilities of a federal judge sitting in Colorado."); *Hosick v. Catalyst IT Servs., Inc.*, 143 F. Supp. 3d 1072, 1082 (D. Or. 2015) ("The District of Maryland is free to decide whether application of the choice-of-law clause conflicts with Oregon's fundamental policy.").

## CONCLUSION

For the foregoing reasons, Metrc respectfully requests that the Court dismiss this Action. Alternatively, Metrc requests that the Court transfer the case to the U.S. District Court for the Middle District of Florida or stay this Action in deference to the Florida Action.

DATED this 5th day of June, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/ James M. Barrett
James M. Barrett, OSB No. 011991
james.barrett@ogletree.com
Alysha D. Phelps, OSB No. 184664
alysha.phelps@ogletree.com

Attorneys for Defendants
METRC, INC., and METRC ID, LLC

Page 7 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, I served the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** on the parties below:

> Andrew DeWeese, OSB No. 136332
> andrew@andrewdeweese.com
> ANDREW DEWEESE, PC
> 3055 SW Yeon Avenue, Suite 527
> Portland, OR 97210
> Phone: (971) 303-0351

■  by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

■  by **e-mailing** a true and correct copy to the last known email address of each person listed above.

Dated: June 5, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Douglas Paul*
   Douglas Paul
   503-552-2140
   douglas.paul@ogletree.com

1 – CERTIFICATE OF SERVICE

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518