IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARCUS ESTES**,<br><br>    Plaintiff,<br><br>  v.<br><br>**METRC, INC.**; and **METRC ID, LLC**,<br><br>    Defendants. | Case No. 3:25-cv-00556-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS** |

Andrew C. DeWeese, Andrew DeWeese, PC, 3055 SW Yeon Avenue, #527, Portland, OR 97210. Attorney for Plaintiff.

James M. Barrett and Alysha D. Phelps, Ogletree Deakins, 222 SW Columbia Street, Suite 1500 Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

  Plaintiff Marcus Estes brings this employment action against his former employers, Defendants Metrc, Inc. and Metrc ID, LLC (collectively, "Metrc" or "Defendants"). ECF 1. Before this Court is Defendants' Motion to Dismiss ("Mot."), ECF 8, under Federal Rules of Civil Procedure 12(b)(3) and 13(a). Defendants argue that this action should be dismissed, transferred, or stayed under the "first-to-file" rule because Plaintiff's claims are substantially

PAGE 1 – OPINION & ORDER ON MOTION TO DISMISS

similar to those in Defendants' earlier-filed lawsuit against Plaintiff in the United States District Court for the Middle District of Florida, *Metrc, Inc. et al v. Estes ("Estes I")*, No. 8:24-cv-01252-WFJ-CPT. Plaintiff opposes the motion, arguing that the issues involved "are completely dissimilar and involve none of the same facts." Response ("Resp."), ECF 15 at 3.

For the reasons below, this Court grants Defendants' motion, and dismisses this case without prejudice under Rule 12(b)(3) for improper venue.[1]

## LEGAL STANDARDS

Courts in this District have recognized that a motion based on the first-to-file rule is properly raised under Rule 12(b)(3). *See Herer v. Ah Ha Pub., LLC*, 927 F. Supp. 2d 1080, 1091 (D. Or. 2013); *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-CV-00467-SI, 2014 WL 3955216, at *6 (D. Or. Aug. 12, 2014); *BenefitElect, Inc. v. Strategic Benefit Sols. Corp.*, No. 6:19-CV-00797-MC, 2019 WL 7134419, at *2 (D. Or. Dec. 23, 2019). Rule 12(b)(3) permits a court to dismiss an action based on improper venue. When resolving a motion under this Rule, courts "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). The court need not accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

---

[1] Because this Court finds dismissal appropriate under Rule 12(b)(3), it need not address whether dismissal is also appropriate under Rule 13(a).

## BACKGROUND[2]

Defendant Metrc, Inc. is a software provider that provides cannabis tracking systems to state agencies. Complaint ("Compl."), ECF 1 ¶ 8. Defendant Metrc ID, LLC is a subsidiary of Metrc., Inc. *Id.* ¶ 16. Defendants have their principal places of business in Florida. *Id.* ¶¶ 2–3.

Plaintiff resides in Oregon. *Id.* ¶ 1. He is the founder of Chroma Protocol Corporation, the developer of a platform that protects against counterfeiting. *Id.* ¶ 14. In April 2023, Defendants purchased Chroma and hired Plaintiff as an executive. *Id.* ¶¶ 16–17. Plaintiff's compensation included a signing bonus. *Id.* ¶ 17. During his employment, Plaintiff came to believe that Defendants were engaged in a conspiracy to violate state and federal laws. *Id.* ¶ 43.

On May 23, 2024, Defendants filed a lawsuit against Plaintiff in the Middle District of Florida. *Estes I*, No. 8:24-cv-01252-WFJ-CPT, Complaint, ECF 1. Defendants alleged that Plaintiff breached his employment contract with Defendants by failing to repay his signing bonus after his termination, *id.* ¶¶ 42–47, breached his non-solicitation agreement, *id.* ¶¶ 48–59, and tortiously interfered with Metrc's business relationships, *id.* ¶¶ 60–69. Plaintiff filed an answer and did not bring any counterclaims. *See Estes I*, No. 8:24-cv-01252-WFJ-CPT, ECF 42.

In April 2025, Plaintiff Marcus Estes commenced this whistleblower retaliation and wrongful discharge action against Defendants. *Estes v. Metrc, Inc. et al*, No. 3:25-cv-00556-IM, ECF 1.

---

[2] This Court grants Defendants' request for judicial notice of the *Estes I* complaint and answer under Federal Rule of Evidence 201. Mot., ECF 8 at 2 n.1; *see U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citation omitted)). The accuracy of the *Estes I* complaint and answer cannot be questioned and the claims asserted in the complaint have a direct relation to whether those claims are substantially similar to those in the instant case.

## DISCUSSION

Under the first-to-file rule, "when [two] cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The rule "is not a rigid or inflexible [one] to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 844 (9th Cir. 1986). The court considers three factors: (1) the chronology of the lawsuits; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

This Court concludes that all three factors, and a common-sense approach to matters of judicial administration, favor applying the first-to-file rule here. Plaintiff concedes that *Estes I* was filed first and the parties in both cases are identical. Resp., ECF 15 at 3. Those factors favor application of the first-to-file rule.

As to the similarity of the issues, "[t]he issues in both cases also need not be identical, only substantially similar," meaning that there is a "substantial overlap" between the two lawsuits. *Kohn L. Grp.*, 787 F.3d at 1240. There is substantial overlap between the issues in these cases. Both this action and *Estes I* arise from Plaintiff's employment with Defendants and the parties' executed Offer Letter Agreement, *Estes I*, No. 8:24-cv-01252-WFJ-CPT, ECF 1-1. Under this Agreement, Plaintiff "agree[d] to repay [Metrc] the gross amount of the Signing Bonus within thirty (30) days following the effective date of [his] termination of employment." *Id.* at 1–2. In *Estes I*, Defendants allege that Plaintiff's failure to repay this bonus breached the Agreement. One issue in *Estes I* will be the nature of Plaintiff's termination and whether his termination triggered his requirement to repay the signing bonus. Similarly, in this case, the

PAGE 4 – OPINION & ORDER ON MOTION TO DISMISS

factfinder will have to assess the nature of Plaintiff's termination in resolving his wrongful discharge claim. Plaintiff asserts that the Agreement is "totally irrelevant" to this action, Resp., ECF 15 at 6, yet Plaintiff's Complaint quotes from this Agreement and alleges that he did not receive the incentive bonuses provided for by the Agreement. Compl., ECF 1 ¶ 59.

Plaintiff argues that Defendants filed *Estes I* "anticipatorily or in bad faith." Resp., ECF 15 at 6–7.[3] Courts may decline to apply the first-to-file rule when there is evidence that the first action was filed in bad faith or in anticipation of the second suit. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "Bad faith" includes circumstances where "the plaintiff in the first action induce[d] the other party to rely, in good faith, on representations made by the plaintiff that it [would] not file first in order to preempt the other party from filing a suit in its preferred forum." *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588, 2016 WL 4492583, at *5 (N.D. Cal. Aug. 26, 2016). Bad faith does not exist, however, "merely because one of the parties engaged in good-faith negotiations decides to file suit." *Id.* To be "in anticipation," the "plaintiff in the first action must have been in receipt of specific, concrete indications that a suit by defendant was imminent." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (citation omitted).

As support of bad faith, Plaintiff states that "Metrc agreed to delay [Plaintiff's] termination until [Plaintiff's] stock options vested, or April 18, 2024" but "after [Plaintiff] refused to sign the severance agreement, Metrc terminated him summarily, cutting off his entitlement to stock options, and filed the Florida and Delaware lawsuits against him in May 2024." *Id.* at 7. This evidence is insufficient for this Court to find bad faith and disregard the

---

[3] Plaintiff references a Delaware lawsuit purportedly filed by Metrc, Resp., ECF 15 at 6, but does not provide evidence of this lawsuit or a case number from which this Court can take judicial notice.

PAGE 5 – OPINION & ORDER ON MOTION TO DISMISS

first-to-file rule. While Defendants may not have kept their word to delay Plaintiff's termination, terminating Plaintiff was not an effort to prevent Plaintiff from filing first. If anything, backing out of an agreement and terminating employment would likely spur swift litigation by Plaintiff.

*Estes I* was not in anticipation of a lawsuit by Plaintiff. "[F]or a court to find that the initial suit was anticipatory, the plaintiff in the first action must have been in receipt of specific, concrete indications that a suit by defendant was imminent." *Inherent.com*, 420 F. Supp. 2d at 1098 (citation omitted). Although Defendants may have been aware that Plaintiff had not signed the severance agreement and released his claims, the record does not reflect that Defendants expected Plaintiff to imminently file suit. Plaintiff's lawsuit was not, in fact, imminent as he filed it over ten months after *Estes I*.

Plaintiff does not address which remedy this Court should apply. This Court finds that dismissal, not transfer or stay, is appropriate. There is no evidence that *Estes I* is likely to be dismissed such that a stay is proper. *See Alltrade*, 946 F.2d at 629. This action is therefore dismissed without prejudice. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) ("A determination of improper venue does not go to the merits of the case and therefore must be without prejudice.").

## CONCLUSION

Defendants' Motion to Dismiss, ECF 8, is GRANTED. This action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 9th day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge